```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA,

        -against-

ROSIE BAKER,¹

                        Defendant.
---------------------------------------X
```
FILED
CLERK

10:41 am, Aug 18, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
97-CR-0877(JS)

APPEARANCES

For Defendant:    Rosie Baker, Pro Se²


[Remainder of page intentionally left blank.]

---

¹ In the signature block of both the instant motion and the accompanying certificate of mailing, Defendant Rosie Baker is incorrectly identified as "Rosie Barker".  (See Motion, ECF No. 402, at 12 (signature block at end of motion), and at 13 (signature block at bottom of certificate of mailing).)

² According to the Case Docket, Defendant Rosie Baker ("Defendant" or "Baker") is represented by counsel, Attorney James M. Branden. However, and notwithstanding that Baker suffers from dementia, see United States v. Baker, Nos. 20-2689-CR(L), 21-2232-CR(Con.), 2022 WL 16557965, at *1 (2d Cir. Nov. 1, 2022) (hereafter, the "Baker 2022 Affirming Order"), the instant motion is purportedly submitted pro se by Baker, even though it was mailed to the Court by Tommy Walker, a certified paralegal with Second Chance 4 R.E.A.L.  (See Motion, ECF No. 402, at 14 (reviewing return address on mailing envelope).)  According to its website, one of the services this organization provides is "Drafting Legal Motions/Petitions & Memoranda".  See Second Chance 4 R.E.A.L. Homepage, https://www.secondchance4real.com (last visited Aug. 14, 2023).
    Defendant is currently housed at FMC Carswell, an administrative security federal medical center in Fort Worth, Texas.  See Fed. Bureau of Prisons ("BOP"): Find an Inmate, Rosie Baker (BOP Reg. No. 48904-053) (identifying Defendant's location as "FMC Carswell"), https://www.bop.gov/inmateloc/ (last visited Aug. 14, 2023).

```
For United States:    Charles P. Kelly, Esq.³
                      United States Attorney's Office
                      Eastern District of New York
                      610 Federal Plaza
                      Central Islip, New York  11722
```

**SEYBERT, District Judge:**

Currently before the Court is the purported pro se motion of Defendant Rosie Baker⁴ seeking compassionate release from the 45-year sentence she is currently serving (hereafter, the "Motion"). (See Motion, ECF No. 402.) For the reasons that follow, the Motion is DENIED.

RELEVANT BACKGROUND

The Court assumes the parties' familiarity with the relevant factual and procedural background of this case. It adopts and incorporates by reference the "BACKGROUND" section articulated by Honorable Denis R. Hurley in his September 7, 2021 Memorandum

---

³ Assistant U.S. Attorney Rose is the attorney-of-record for the Government. Because the Court has determined further briefing upon the instant motion is not necessary, no appearance regarding the instant motion has been made by the U.S. Attorney's Office.

⁴ In addition to not using Defendant's correct name in the signature blocks of Defendant's Motion and accompanying certificate of mailing (see supra note 1), the author also incorrectly refers to the Defendant as "Barker" and "he" throughout the motion, leading the Court to question whether this is actually Baker's pro se submission. This suspicion is undergirded by Baker's supposed averments which she purports to quote in her Motion since (1) there is no affidavit or letter from her containing these alleged statements, and (2) in any event, they are presented using the masculine pronoun "he". (See Motion at 12.)

& Order denying Baker's third compassionate release motion.[5]  See United States v. Baker, No. 97-CR-0877, Mem. & Order, ECF No. 384 (hereafter, the "September 2021 Order"), at 2-8 (E.D.N.Y. Sept. 7, 2021) (citing United States v. Baker, 262 F.3d 124 (2d Cir. 2001), as providing key facts for district court's factual summary), aff'd, Baker 2022 Affirming Order, 2022 WL 16557965.  In sum and for context, the Court states briefly: Baker was convicted of conspiracy to commit murder with intent to obstruct justice, conspiracy to use a firearm during and in relation to a crime of violence, and use of a firearm during and in relation to a crime of violence; she also pled guilty to conspiring to defraud the United States by filing false Medicaid claims (see id. 4-5); and, as a result, and upon resentencing, Baker was sentenced to, inter alia, 45-years of imprisonment (see id. at 5).

Defendant has a scheduled release date of February 28, 2036.  See Fed. Bureau of Prisons: Find an Inmate, Rosie Baker (BOP Reg. No. 48904-053), https://www.bop.gov/inmateloc/ (last visited June 29, 2023).  She now moves a fourth time for compassionate release.  (See Motion; cf. September 2021 Order at 5-7.)

[Remainder of page intentionally left blank.]

---

[5]  This case was reassigned to the undersigned on July 7, 2022.

DISCUSSION

I.  Applicable Law

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Rabuffo, No. 16-CR-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020) (quoting United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020)). The First Step Act, which modified 18 U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Thrower, 495 F. Supp. 3d 132, 137 (E.D.N.Y. 2020). "The statute imposes three independent, necessary requirements for release: exhaustion of remedies, existence of an extraordinary and compelling reason for sentence reduction, and that the § 3553(a) factors warrant reduction." United States v. Hunter, No. 21-1773, 2022 WL 2288688, at *1 (2d Cir. June 24, 2022) (citing United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam)). Absent waiver or forfeiture by the Government, see United States v. Saladino, 7 F.4th 120, 121-24 (2d Cir. 2021), "[a] defendant's failure to exhaust administrative remedies is a threshold matter

preventing the [c]ourt from considering a Section 3582 application[, i.e., a motion for compassionate release]." United States v. Robinson, No. 10-CR-0789, 2022 WL 16924176, at *3 (E.D.N.Y. Nov. 14, 2022) (quoting United States v. Alvarez, No. 89-CR-0229, 2020 WL 4904586, at *2 (E.D.N.Y. Aug. 20, 2020)); see also United States v. Torres, No. 16-CR-0500, 2022 WL 538323, at *2 (S.D.N.Y. Feb. 23, 2022) ("Before a compassionate-release motion can be considered on the merits, the defendant must exhaust administrative remedies." (quoting United States v. Williams-Bethea, 464 F. Supp. 3d 562, 565 (S.D.N.Y. 2020)). And, "[i]f any one requirement is not satisfied, the district court may deny the motion without considering the remaining requirements." Hunter, 2022 WL 2288688, at *1 (citing Keitt, 21 F.4th at 72–73).

Even where extraordinary and compelling reasons exist, the Court must "consider all the Section 3553(a) [F]actors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) [F]actors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-0057, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020) (citation omitted); see also United States v. Ambrosio, 541 F. Supp. 3d 253, 254 (E.D.N.Y. 2021) (same); United States v. Reid, No. 05-CR-5596, 2021 WL 837321, at * 4 (E.D.N.Y. Mar. 5, 2021) ("Even if extraordinary and compelling reasons exist,

they must outweigh the [Section] 3553(a) [F]actors to warrant sentence reduction." (citing 18 U.S.C. § 3582(c)(1)(A))). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." United States v. Sellick, No. 21-2328, 2022 WL 16936829, at *1 (2d Cir. Nov. 15, 2022) (summary order) (citing United States v. Jones, 17 F.4th 371, 375 (2d Cir. 2021)); see also United States v. Friedlander, No. 20-CR-0441, 2022 WL 2305370, at *3 (E.D.N.Y. June 24, 2022) ("A defendant 'bears the burden of showing that his release is justified.'" (quoting United States v. Patterson, No. 06-CR-0080, 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020)).

II. Application

    A.   Exhaustion

In her present, fourth compassionate release motion, Baker fails to address exhaustion. (See Motion, in toto.) Although it is her obligation to do so, upon the instant Motion, it appears Baker has not exhausted her administrative remedy by having requested of the Warden compassionate release and the Warden having denied that request or 30 days having lapsed from said request without having received a response from the Warden. See 18 U.S.C. § 3582(c)(1)(A); Saladino, 7 F.4th at 121. Arguably, therefore, the Court need not consider the merits of Baker's Motion. Nonetheless, it will do so.

B.  Existence of Extraordinary and Compelling Circumstances

Baker has already established extraordinary and compelling circumstances based upon her "diagnosis of dementia of the Alzhemier's type". See September 2021 Order at 9-10; Baker 2022 Affirming Order. The Court finds no reason to alter Judge Hurley's finding in this regard. Thus, the issue remains whether the applicable Section 3553(a) Factors warrant granting compassionate release.

C.  The Section 3553(a) Factors

"The court confronted with a compassionate release motion is still required to consider all the Section 3553(a) [F]actors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) [F]actors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." Gotti, 433 F. Supp. 3d at 615 (emphasis added).

> These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training,

>   medical care, or other correctional treatment
>   in the most effective manner."

United States v. Johnson, No. 16-CR-0319, -- F. Supp. 3d --, 2023 WL 3093617, at *12 (E.D.N.Y. Apr. 26, 2023) (quoting 18 U.S.C. § 3553(a)(1)-(2)).

In considering the Section 3553(a) Factors when assessing Baker's third compassionate release motion, Judge Hurley first observed that "given her diminished mental capacity, the factors of specific deterrence, protection of the public from further crimes of the defendant, and educational or vocational training are not relevant to the instant analysis" (hereafter, the "Inapplicable Factors"). (September 2021 Order at 10.) On appeal, Baker argued that if Judge Hurley had properly considered the Inapplicable Factors, he would have found they counseled in favor of granting compassionate release. See Baker 2022 Affirming Order, at *2. However, in affirming the 2021 September Order, the Second Circuit rejected Baker's contention that Judge Hurley erred in his consideration of the Inapplicable Factors, explaining: "some . . . factors may be inapplicable to a given case"; but, that it interpreted the September 2021 Order "to indicate that [Judge Hurley] in fact considered the [Inapplicable F]actors" to the extent that they were applicable; and, because the weight afforded to any one of the Section 3553(a) Factors is within a district court's discretion, it would not "second-guess [Judge Hurley]'s

decision to ascribe particular weight to some factors instead of to others." Id. (citations omitted).

As to the remaining Section 3553(a) Factors, Judge Hurley found they "counsel against granting of the [third compassionate release] motion," as "the nature and circumstances of the offense are heinous," which "was not a crime of passion but a cold-blooded murder." (September 2021 Order at 10.) Judge Hurley continued:

> Baker orchestrated a murder for hire to prevent discovery of years-long Medicaid fraud. Undeterred by the refusal of her former boyfriend . . . to commit the murder for her, she then approached her son. She involved her family members in the murder and the attempts to cover-up the murder. She was intimately involved not only with the victim, Dr. Hodge, but with his family. . . . Yet she did not hesitate to take Dr. Hodge from his children and his extended family to prevent discovery of her criminal fraud.

(Id. at 10-11 (citations omitted).) Thus, given this background, Judge Hurley found: "[r]educing Baker's sentence would not reflect the seriousness of the offense"; the requested one-third sentence reduction would "be contrary to the aims of the original sentence" which was "to provide just punishment for the offense" and would "undermine the aims of the Court's original sentence." (Id. at 11 (citations omitted); see also id. (stating further, that as it did in denying Defendant's second, 2020 compassionate release motion, the Court "determined that a sentence of 45 years was appropriate

and reasonable despite the knowledge that then 63 year old defendant would be incarcerated effectively for the rest of her life").) Finally, Judge Hurley stated that "[g]eneral deterrence also weigh[ed] in favor of denial," because "[t]hose who commit murder for hire should be aware that they may well be required to serve the entirety of their sentence." (Id.) Judge Hurley concluded that Defendant's 45-year sentence continued to reflect the seriousness of Baker's offense and the need to provide just punishment for that offense. (Id. at 13 (citation and quotation marks omitted).)

To the extent Baker argued on appeal "that the district court based its ruling on a clearly erroneous assessment of the facts because it should have found her sentence to be excessively long relative to her crimes," the Circuit Court held that "[t]he substance of her argument merely relitigates the district court's analysis of the § 3553(a) [F]actors." Baker 2022 Affirming Order, at *2. "Baker provide[d] no basis for disturbing the district court's determination that a 45-year sentence was appropriate in light of the numerous aggravating circumstances at sentencing." Id. Hence, the Appellate Court declined to substitute its own judgment for that of the district court regarding what is sufficient to meet the Section 3553(a) Factors in any particular case. See id.

Defendant's instant Motion does not warrant a different result. Indeed, her Motion more accurately profiles as one seeking reconsideration.[6] In that vein, Baker points to cases issued after Judge Hurley denied her second, 2020 compassionate release motion asserting those cases support a different outcome for this Motion. (See, e.g., Motion at 10; see also id. at 12 ("Barker respectfully requests that the Court take a good look at the cases cited in her initial motion where defendants were granted compassionate release with materially similar circumstances and many cases of worse conduct. In those cases, the Court applied the Section 3553(a) [F]actors in a post sentencing analysis to determine whether the defendant was then worthy of compassionate release. Barker would like the Court to consider the relief given to all of the similarly situated defendants." (emphasis added)).) She also relies upon the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022), which affirmatively answered the question "whether a district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion." Id.

---

[6] (See Motion at 12 ("The Concepcion [sic] decision was issued after Barker had filed her initial compassionate release motion. Thus, had Concepcion [sic] been available and argued, the district Court may have granted Barker Compassionate release considering the changes in law and fact, in conjunction with the age and medical condition of the defendant." (emphasis added)).)

at 2396; (see also, e.g., Motion at 8, 11-12 (citing Concepcion).)

The Concepcion Court explained:

> [i]t is only when Congress or the Constitution limits the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's discretion to consider information is restrained. Nothing in the First Step Act contains such a limitation. Because district courts are always obligated to consider nonfrivolous arguments presented by the parties, the First Step Act requires district courts to consider intervening changes when parties raise them. By its terms, however, the First Step Act does not compel courts to exercise their discretion to reduce any sentence based on those arguments.

Id. (emphasis added). Indeed, before the Supreme Court issued its decision in Concepcion, Judge Hurley recognized these principles:

> The First Step Act does not mandate a reduction even where the statutory grounds have been met. Rather, it provides that in such a case a court "may" grant a reduction. And while the seriousness of the offense does not automatically exclude a defendant from consideration for a reduction in sentence, it can be [] grounds for denial. See United States v. Daugerdas, -- F. Supp. 3d --, 2020 WL2097653 (S.D.N.Y. May 1, 2020) (denying compassionate release due to the unprecedented nature and circumstances of defendant's fraud); see also United States v. Shakur, 498 F. Supp. 3d 490, 494-95 (S.D.N.Y. 2020) (holding that a reduction in sentence without consideration of the 3553(a) factors would be an abuse of discretion and those factors may preclude reduction of a particular defendant's sentence); cf. Brooker, 976 F.3d at 237 ("[A] district court's discretion [on motion for sentence reduction] -- as in all sentencing matters -- is broad."); United States v.

> Ferranti, 2021 WL 768233 (E.D.N.Y. Feb. 25, 2021) (noting that the importance of general deterrence does not diminish over time).

(September 2021 Order at 12.)

However, the cases upon which Defendant relies in support of her present Motion do not present intervening changes that this Court need consider. Rather, they are simply non-binding cases where district courts reached contrary conclusions based upon differing facts and circumstances than those presented here. (See, e.g., Motion at 9-11 (citing cases).) Baker's reliance upon those cases is insufficient for her to meet her burden of showing that the circumstances of her own case warrant a sentence reduction. Instead, and even with these new case citations, as she did in appealing the September 2021 Order, here "[t]he substance of [Baker's] argument merely relitigates [Judge Hurley]'s analysis of the § 3553(a) [F]actors." Baker 2022 Affirming Order, 2022 WL 16557965, at *2.

In any event, given the absence of any changed facts or circumstances in the instant case since Judge Hurley's September 2021 Order, reconsideration of the applicable Section 3553(a) Factors "provides no basis for disturbing [or changing] [Judge Hurley]'s determination that a 45-year sentence was appropriate in light of the numerous aggravating circumstances at sentencing." Id. Having reviewed the record and considered Baker's Motion, this Court, like Judge Hurley, finds that the nature and

circumstances of Baker's offense, in conjunction with the history and characteristics of Baker when she committed the offense strongly weigh against a reduction in the 45-year sentence the Court imposed, which sentence reflected, then and now, the seriousness of the offense and the need to provide just punishment for it.  (See September 2021 Order at 13 (quoting Shakur, 498 F. Supp. 3d at 500).)  Furthermore, as Judge Hurley found, the general deterrence Section 3553(a) Factor does not diminish with time, thereby further weighing in favor of denying the Motion.  (See id. at 12); see also Ferranti, 2021 WL 768233, at *4 (collecting cases)).)

Thus, the applicable "Section 3553(a) considerations counsel against truncating [Baker]'s prison term." Ferranti, 2021 WL 768233, at *4.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Compassionate Release Motion (ECF No. 402) is DENIED.[7]

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  August 18, 2023
        Central Islip, New York

---

[7] As a courtesy, the Clerk of Court is directed to send a copy of this Order to:  Second Chance 4 R.E.A.L., Attn.: Tommy Walker, P.O. Box 514, Buffalo, N.Y. 14215-0514.